JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDRE'A MCDONALD

## DEFENDANTS
INGERMAN MANAGEMENT COMPANY

**(b)** County of Residence of First Listed Plaintiff   CAMDEN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   CAMDEN
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fernando I. Rivera, Esquire
Console Mattiacci Law, LLC
110 Marter Ave., Suite 502, Moorestown, NJ 08057 (856.854.4000)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1981 ("Section 1981"), N.J.S.A. 10:5-1, et seq. ("NJLAD").
Brief description of cause:
Plaintiff brings this action against Defendant for unlawful discrimination in connection with her race, sex, marital status, and familial status.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of $75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/07/2017
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE'A MCDONALD<br>Pine Hill, NJ 08021<br><br>       Plaintiff,<br><br>  v.<br><br>INGERMAN MANAGEMENT<br>COMPANY<br>5 Powell Lane<br>Collingswood, NJ 08108<br><br>       Defendant. | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Andre'a McDonald, brings this action against her former employer, Ingerman Management Company ("Defendant"). Plaintiff, one of the few black and female managers at Defendant, was subjected to a racist and sexist hostile work environment, and then was terminated because of her race, sex, marital status, and familial status. Defendant's discriminatory conduct against Plaintiff violated 42 U.S.C. § 1981 ("Section 1981"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). Accordingly, Plaintiff seeks all damages including compensatory and punitive damages, her attorney's fees and costs, and all other available relief under applicable federal and state law as this Court deems appropriate.

### II. PARTIES

1. Plaintiff is an individual and a citizen of the State of New Jersey.

2. Plaintiff is female.

3. Plaintiff is black.

4. Defendant is a Pennsylvania corporation with a principal place of business located at 5 Powell Lane, Collingswood, NJ 08108.

5. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

6. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business interests.

7. At all times material hereto, Defendant acted as an "employer" within the meaning of the statutes which form the bases of this matter.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the bases of this matter.

### III.   JURISDICTION AND VENUE

9. The causes of action which form the bases of this matter arise under Section 1981 and the NJLAD.

10. The District Court has jurisdiction over Count I (Section 1981) pursuant to 28 U.S.C. § 1331.

11. The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the District Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the District.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff was hired by Defendant as a Senior Property Manager for four (4) of its New Jersey residential properties on or about March 20, 2017.

14. At all times material hereto, Plaintiff performed her duties in a highly competent manner. She was never disciplined regarding any performance-related issues.

15. In or about May of 2017, and as a result of her consistently excellent performance, Plaintiff was given two (2) additional properties to manage in Medford, New Jersey: The Willows at Medford and The Willows at Creekside.

16. In or about August 28, 2017, and as a result of Plaintiff's continued excellent performance, Defendant promoted into a position to become the Property Manager at The Collings at the Lumberyard ("The Collings"), one (1) of Defendant's three (3) premium residential communities.

17. Since Plaintiff's promotion to Property Manager at The Collings, she reported directed to Marty Josephs (white, male), President, Aaron Waltzer, (white, male), Development Associate and Regional Manager; and, Todd Stecker (white, male), Director of Leasing and Marketing.

18. During Plaintiff's employment, she, and other black and female employees, were subjected to race and sex discriminatory comments and conduct. The same included, but was not limited to, the following:

> (a) Plaintiff was told by Defendant's female Director of Human Resources that she feared losing her job because, "I don't have a dick";
>
> (b) Plaintiff was told by an employee that Defendant is an "all males' club" and that the male executives, including Brad Ingerman, Chief Executive

3

Officer, and Mr. Josephs engaged in sexual relationships with subordinate female employees;

(c) At Defendant's leadership conference (in Atlantic City, New Jersey), Plaintiff saw male executives dancing provocatively with female subordinates at events that were part of the conference;

(d) At that same conference, Plaintiff heard that male executives engaged in sexual relations with female subordinate employees;

(e) Plaintiff heard a white employee tell a black female employee that, "your hair looks nappy. Why did you select that style?";

(f) Although Plaintiff reported the white employee's comment regarding the black employee's "nappy" hair to Defendant's Human Resources, no one ever got back to her regarding same, or informed her of any remedial or corrective action that was taken;

(g) Defendant assigned support staff to white Property Managers to assist them with their responsibilities, including at smaller properties than those that she managed yet, when Plaintiff asked for any assistance when she was initially managed six (6) properties, and then was promoted to manage The Collings, Defendant denied her requests;

(h) A white Property Manager at a similarly-sized location to The Collings had at one employee to assist and earned substantially more than Plaintiff did;

(i) Mr. Josephs spoke to Plaintiff in a harsh, dismissive, and unjustly critical tone, including telling her that she was not permitted to contact the former

4

Property Manager at The Collings to ask her questions regarding unresolved issues (contrary to other managers telling Plaintiff that that was what she needed to do), making false accusations of Plaintiff's work performance, telling her to "get over yourself" when she shared with him positive feedback that she received from the residents at her property, and asking whether this job was "too much" for her;

(j) Plaintiff was told by a black employee that, "[Defendant] likes to keep the blacks working in the hood, and the whites working in the suburbs";

(k) Plaintiff was told by a black employee that, "white employees are treated better than black employees, but black employees are expected to work ten times harder";

(l) Plaintiff is aware that Defendant's high-level executives, including, but not limited to, Mr. Ingerman and Mr. Josephs have engaged in sexist and racist conduct towards other black and female employees.

19. On or about October 24, 2017, Plaintiff received several late-night, hostile, and accusatory emails from Dennis Regan (white, male), Accounts Receivable Clerk, regarding issues left outstanding by Plaintiff's predecessor.

20. On or about October 25, 2017, an employee who was copied on Regan's prior emails told Plaintiff that:

(a) "If you were a white women or white male, anything you asked for you would have received";

(b) "[Defendant's treatment of you is] sad, but you know, double standards";

(c) Mr. Regan's emails were "crazy" and "harassing";

5

(d) "The [racially insensitive or sexist] things that would come out of Mr. Ingerman's mouth [at IMC executive meetings] would have my mouth wide open. . . . As if two black women (describing herself and Marshelle Hightower (black, female), former Vice President of Human Resources) were not present at the conference table.";

(e) "The moment that Marshelle [Hightower] shed light onto something that was completely wrong, racist, discriminatory, or sexist behavior you see what [Defendant] did to her right. . . . Hang in there."

21. On or about October 25, 2017, Plaintiff received an email from Mr. Waltzer stating, "we need to chat."

22. Upon arriving at work, Plaintiff was summoned to Human Resources to meet with Drew Bennett (white, male), Vice President of Human Resources, who informed Plaintiff of her immediate termination and stating that, "this is not working out."

23. When Plaintiff requested an explanation for her termination, Mr. Bennett responded that, "I think a single person without a family would be more suitable for the position."

24. As Defendant was well aware, Plaintiff is married and has four (4) children.

25. Prior to her termination, Plaintiff was required to take paid time off from work to tend to her family caregiving responsibilities related to the care of her children.

26. Plaintiff is aware of multiple male employees at Defendant who are married and have children and whose ability to perform their jobs is not questioned as a result of the same.

27. Defendant's asserted reason for Plaintiff's termination was pretext for discrimination.

6

28. Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, Plaintiff's unequal pay and substandard terms, conditions, and privileges of employment, and her termination.

29. Plaintiff's race was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, Plaintiff's unequal pay and substandard terms, conditions, and privileges of employment, and her termination.

30. Plaintiff's familial status was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, Plaintiff's unequal pay and substandard terms, conditions, and privileges of employment, and her termination.

31. Plaintiff's marital status was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, Plaintiff's unequal pay and substandard terms, conditions, and privileges of employment, and her termination.

32. The discriminatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

33. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem,

mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

34. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

### COUNT I – SECTION 1981

35. Plaintiff incorporates herein by reference paragraphs 1 through 34 above, as if set forth herein in their entirety.

36. By committing the foregoing acts of race discrimination, Defendant has violated Section 1981.

37. Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

38. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

40. No previous application has been made for the relief requested herein.

### COUNT II – NJLAD

41. Plaintiff incorporates herein by reference paragraphs 1 through 40 above, as if set forth herein in their entirety.

42. By committing the foregoing acts of discrimination, Defendant has violated the NJLAD.

43. Said violations were intentional and willful.

44. As a direct and proximate result of Defendant's violation of the NJLAD, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

45. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

46. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Section 1981;

(b) declaring the acts and practices complained of herein to be in violation of the NJLAD;

(c) enjoining and permanently restraining the violations alleged herein;

(d) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's

pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding punitive damages to Plaintiff under Section 1981;

(h) awarding punitive damages to Plaintiff under the NJLAD;

(i) awarding Plaintiff such other damages as are appropriate under Section 1981 and the NJLAD;

(j) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(k) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE MATTIACCI LAW, LLC

BY: _____
STEPHEN G. CONSOLE, ESQ.
CAREN N. GURMANKIN, ESQ.
FERNANDO I. RIVERA, ESQ.
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
(856) 854-4000 (office)
(215) 754-4938 (fax)

Dated: December 7, 2017

*Attorneys for Plaintiff, Andre'a McDonald*